**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EDWARD C. HOLLEY, | ) |
| | ) |
|         Petitioner, | ) |
| | ) |
|     v. | )     No. 4:05CV00535 ERW |
| | ) |
| ST. LOUIS CITY JUSTICE CENTER, | ) |
| | ) |
|         Respondent. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the petition of Edward C. Holley for a writ of habeas corpus and his application for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner, an inmate at the St. Louis City Justice Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that in "early Dec. of 2000" he pleaded guilty to certain criminal charges and sentenced to twenty years imprisonment. Petitioner states that he did not appeal his conviction and there is no indication in the record that he has filed any petitions, applications, or motions in state or federal court with respect to the said judgment. Petitioner merely states that he has written "letters to both Chief Disciplinary Counsel and the 22nd Judicial Circuit Court in hope of getting some attention."

Upon review of the instant petition, the Court finds no indication that petitioner has previously presented his claims to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for prisoners in its custody. <u>See</u> Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01). As such, petitioner has available procedures that he must exhaust.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to the respondent, because petitioner has failed to exhaust his available state remedies.

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus [doc. #1] is **DENIED**.

An appropriate order shall accompany this memorandum and order.

So Ordered this 7th Day of July, 2005.

_____
**E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE**